UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRENCE KNIGHT BENOIT (#489486)                      CIVIL ACTION

VERSUS

LOUISIANA STATE PENITENTIARY, ET AL.                  NO. 09-0715-JJB-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, February 25, 2010.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRENCE KNIGHT BENOIT (#489486)**                    CIVIL ACTION

**VERSUS**

**LOUISIANA STATE PENITENTIARY, ET AL.**            NO. 09-0715-JJB-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate previously incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., against LSP, Warden Burl Cain, Lt. Steven Bernard, the 20th Judicial District Court for the State of Louisiana, and the Louisiana Department of Public Safety and Corrections, complaining that his constitutional rights were violated on September 19, 2007, when he was severely beaten by defendant Bernard, resulting in serious injuries which have left him wheelchair-bound. He further complains that he has not been able to "get this institution to include this incident into my medical records" and that he has been subjected to constant harassment from prison officials since he reported this incident. He prays for monetary damages and for the defendants to be prosecuted for their alleged wrongful conduct.

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). Further, a § 1915(e) dismissal may

be made at any time before or after service of process and before or after an answer is filed.  Cf., Green v. McKaskle, supra.

Initially, it appears that the plaintiff has named the Louisiana State Penitentiary, the Louisiana Department of Public Safety and Corrections, and the 20th Judicial District for the State of Louisiana as defendants in this proceeding.  Under the Eleventh Amendment to the United States Constitution, however, an unconsenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal court by her own citizens as well as by citizens of another state.  Edelman v. Jordan, 415 U.S. 651, at 659, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law.  See, Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra.  Thus, absent consent or waiver by the state, not here present, the State of Louisiana is immune from suit in federal court.  This shield of immunity extends to the Louisiana State Penitentiary, the Louisiana Department of Public Safety and Corrections, and the 20th Judicial District for the State of Louisiana as arms or agencies of the state.  Cf., Anderson v. Phelps, 655 F.Supp. 560 (M.D. La. 1985).  Therefore, the plaintiff's claims against these defendants are barred by the Eleventh Amendment and must be dismissed.

Further, to the extent that the plaintiff seeks to hold defendant Burl Cain responsible for the events complained of, it appears that the plaintiff has failed to make any allegations of personal participation by defendant Cain in the events complained of.  Under federal law, to be liable under § 1983, a person must either be personally involved in conduct causing an alleged deprivation of a constitutional right, or

there must be a causal connection between the actions of that person and the constitutional violation sought to be redressed.  <u>Lozano v. Smith</u>, 718 F.2d 756 (5th Cir. 1983).  Any allegation that defendant Cain is responsible for the actions of his subordinates is, alone, insufficient to state a claim under § 1983.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specifically imposed upon him by state law.  <u>Lozano v. Smith</u>, <u>supra</u>.

In the instant case, the plaintiff does not allege that defendant Cain had any direct involvement in the events of September 19, 2007, and does not allege the existence of any wrongful policy for which this defendant is responsible.  Accordingly, defendant Cain is entitled to Judgment as a matter of law, dismissing the plaintiff's claim against him as legally frivolous.

Finally, turning to the plaintiff's claim that he has been discriminated against under the A.D.A., the Court finds that the plaintiff has failed to allege a cause of action under this statute. Under Section II of the A.D.A., 42 U.S.C. § 12132, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  This section has been found to be applicable to programs and services administered by state prisons. <u>Pennsylvania Department of Corrections v. Yeskey</u>, 524 U.S. 206, 118 S.Ct.

1952, 141 L.Ed.2d 215 (1998).  In essence, the A.D.A. addresses the need for a public entity to undertake "reasonable modifications" to its rules, policies or practices so as to allow access by disabled individuals to facilities offered by the public entity.

In the instant case, the plaintiff has not alleged any facts suggesting that he has been discriminated against "by reason of" his alleged disabilities or that he is requesting access to facilities which are provided to other inmates at the prison.  Rather, the focus of his Complaint is on the events occurring on September 19, 2007, on the alleged excessive force committed by defendant Steven Bernard on that date, and on the failure of state officials to institute criminal proceedings against defendant Bernard.  These are not claims cognizable under the A.D.A., and accordingly, the plaintiff's attempt to assert a claim under this statute should be rejected.

**RECOMMENDATION**

It is recommended that the plaintiff's claims asserted against the Louisiana State Penitentiary, the Louisiana Department of Public Safety and Corrections, and the 20th Judicial District for the State of Louisiana be dismissed as barred by the Eleventh Amendment to the United States Constitution, that the plaintiff's claims asserted against defendant Burl Cain be dismissed, and that the plaintiff's claims asserted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., be dismissed for failure to state a claim upon which relief may be granted. It is further recommended that this matter be referred back for further proceedings in connection with the plaintiff's claim of excessive force asserted against defendant Steven Bernard.

Signed in chambers in Baton Rouge, Louisiana, February 25, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**