## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TERRENCE KNIGHT BENOIT (#489486)**     **CIVIL ACTION**

**VERSUS**

**LOUISIANA STATE PENITENTIARY, ET AL.**     **NO. 09-0715-JJB-CN**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, December 6, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TERRENCE KNIGHT BENOIT (#489486)**            **CIVIL ACTION**

**VERSUS**

**LOUISIANA STATE PENITENTIARY, ET AL.**          **NO. 09-0715-JJB-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of the remaining defendant in this case, Steven Bernard, rec.doc.no. 20. This motion is opposed.

The pro se plaintiff, an inmate previously incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., against LSP, Warden Burl Cain, Lt. Steven Bernard, the 20th Judicial District Court for the Parish of West Feliciana, State of Louisiana, and the Louisiana Department of Public Safety and Corrections, complaining that his constitutional rights were violated on September 19, 2007, when he was severely beaten by defendant Bernard, resulting in injuries which have left him wheelchair-bound. He further complains that he has not been able to "get this institution to include this incident into my medical records" and that he has been subjected to constant harassment from prison officials since he reported the incident. Pursuant to earlier Report and Recommendation, approved by the District Judge on March 18, 2010, see rec.doc.nos. 12 and 16, the plaintiff's claims asserted against Burl Cain, LSP, the 20th Judicial District Court for the Parish of West Feliciana, State of Louisiana, and the Louisiana Department of Public Safety and Corrections have been dismissed, as have the plaintiff's claims asserted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

In the instant motion, defendant Bernard first asserts, relying upon

the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, and the affidavit of Rhonda Z. Weldon, that the plaintiff has failed to exhaust administrative remedies relative to the claim asserted herein. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust available administrative remedies prior to the institution of suit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions. Further, pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

From a review of the administrative remedy proceedings submitted by the defendant in support of his motion, it appears that the defendant's motion is well-taken. In a two-page initial grievance, dated January 5, 2008, the plaintiff complained that, at LSP, "there are many serious problems with security violations, [including] medical indifference, medical neglect, creation of a hostile environment, [and] infliction of unnecessary pain and suffering, both mental and physical." He further made specific reference to events occurring on September 8, 19 and 23, 2007, and also on October 1, 2007. He further stated therein that he was providing additional detailed information regarding his claims in a five-page attached statement. This grievance was rejected on March 26, 2008, for the reason that it was unclear, and the plaintiff was specifically advised in the written rejection form that he should resubmit his

grievance in a more summarized fashion.  Prior to this rejection, however, on February 6, 2008, the plaintiff submitted a second grievance, wherein he complained more succinctly regarding the alleged incident of excessive force inflicted by defendant Bernard on September 19, 2007. This grievance was rejected on April 2, 2008, for the reason that it was untimely.

As above-stated, the exhaustion requirement is mandatory and applies broadly to "all suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002).  Further, a prisoner must exhaust his administrative remedies by complying with applicable prison procedures before filing a suit related to prison conditions. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

In the instant case, it is clear that the plaintiff failed to exhaust administrative remedies relative to his claim of excessive force asserted against defendant Bernard.  Under the Louisiana Corrections Administrative Remedy Procedure, La. R.S. 15:1171, et seq., an inmate is required to "initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained." See La. R.S. 15:1172(B)(1).  Considering that the incident of excessive force complained of by the plaintiff occurred on September 19, 2007, more than ninety days prior to the filing of his administrative grievances in January and February, 2008, and considering that the plaintiff's grievance wherein he clearly set forth his claim against defendant Bernard was explicitly rejected as untimely for this reason, the Court concludes that the defendant's motion should be

granted.

In addition, and in the alternative, the defendant asserts that the plaintiff's claim is time-barred by reason of the one-year limitations period applicable to claims brought pursuant to 42 U.S.C. § 1983 in Louisiana courts. In this regard, inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. <u>Owens v. Okure</u>, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Further, under federal law, a cause of action under 42 U.S.C. § 1983 accrues when the plaintiff knows of or has reason to know of the injury which forms the basis for his action. <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 257 (5th Cir. 1993); <u>Lavellee v. Listi</u>, 611 F.2d 1129, 1131 (5th Cir. 1980).

In the instant case, the plaintiff clearly knew of or should have known of the basis for his claim against defendant Bernard at such time as the alleged excessive force occurred, <u>i.e.</u>, on September 19, 2007. Even if the Court tolls the limitations period during the period that the plaintiff pursued administrative remedies in early 2008, it appears that these administrative claims were concluded, at the latest, on April 4, 2008, on which date the plaintiff received notice of the rejection of his second-filed grievance. Accordingly, his lawsuit filed in September, 2009, more than one year thereafter, is time-barred.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment of defendant Steven Bernard, rec.doc.no. 20, be granted, dismissing the plaintiff's

claims asserted against this defendant, without prejudice, for failure of the plaintiff to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, December 6, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**